UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD A. BRIAN, et al.,<br><br>Defendants. | Case No.19-cv-01702-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO SANTA CLARA COUNTY SUPERIOR COURT** |

On February 6, 2018, plaintiff the Bank of New York Mellon ("Mellon") sued defendants Donald A. Brian, Julie M. Brian, John Blanco, Marisela Vasquez, and Robert Garviria for unlawful detainer in Santa Clara County Superior Court. *See* Dkt. No. 1-1. Julie[1] removed the lawsuit to this Court on April 2, 2019, asserting federal question jurisdiction on the basis of their counterclaims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq. See* Dkt. No. 1 ¶¶ 3, 5–9.

Julie's notice of removal, however, contains several defects. First, it is well-settled that for removal jurisdiction, the federal question must be presented by the plaintiff's complaint. *See Jasper v. Maxim Integrated Prods., Inc.*, 108 F. Supp. 3d 757, 765 (N.D. Cal. 2015) ("[F]ederal question jurisdiction exists only when 'a federal question is

---

[1] The Court will refer to defendant Julie M. Brian by her first name to distinguish her from co-defendant Donald A. Brian.

presented on the face of plaintiff's properly pleaded complaint.'") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Thus, "removability cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975)). Here, Mellon's complaint only raises a state-law unlawful detainer claim. Because Julie's RESPA counterclaim cannot form the basis of federal question jurisdiction, it is not apparent why this lawsuit belongs in this Court.

Second, "[a]ll defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citing 28 U.S.C. § 1446(b)). "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Id.* at 1233. Julie's removal petition was not joined by any of her co-defendants and her petition does not explain whether the other defendants are nominal parties. The removal petition is therefore improper or incomplete.

Finally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant . . . whichever period is shorter." 28 U.S.C. § 1446(b). Mellon filed its initial complaint in Santa Clara Superior Court on February 6, 2018. *See* Dkt. No. 1-1. Julie did not remove the lawsuit until April 2, 2019. Because the notice of removal did not indicate when Julie received a copy of the complaint or when she was served, the Court cannot determine whether removal was timely.

For the foregoing reasons, removal pursuant to 28 U.S.C. § 1443 appears improper. Accordingly, the Court ORDERS defendant Julie M. Brian to show cause in writing by **April 12, 2019**, why this case should not be remanded to Santa Clara County Superior Court. Although the Court will not award attorneys' fees and costs at this time, the Court alerts all parties that attorneys' fees and costs incurred as a result of this removal can be awarded to Mellon. *See* 28 U.S.C. § 1447(c).

The Court reminds Julie that the Federal Pro Se Program provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se

Program is located in Room 2070 in the San Jose United States Courthouse, and is available by appointment Monday to Thursday 9:00 a.m.–4:00 p.m. The Program can be reached by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: April 2, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge